UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

SADIEL GONZALEZ,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

No. 6:18-CV-265-REW

OPINION & ORDER

\*\*\* \*\*\* \*\*\* \*\*\*

In this *pro se* matter, Plaintiff (and federal inmate) Sadiel Gonzalez originally pleaded a violation of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-80, based on an allegedly botched bullet removal surgery.[1] *See* DE 19 (Order). Post service, the Government sought dispositive relief. *See* DE 26 (Motion to Dismiss or for Summary Judgment). On October 15, 2019, the Court ordered Gonzalez to respond. *See* DE 27.

In the interim, Gonzalez filed a new complaint, thus initiating a completely new action. *See Gonzalez v. Shelton, et al.*, Case No. 6:19-cv-228-JMH (E.D. Ky. 2019) (*Gonzalez II*). The fresh complaint did not reference this case but relies on the same incident undergirding Plaintiff's FTCA claim. *Id.* at ECF No. 1. Namely, the new pleading includes Gonzalez's claim that, in May 2016, Dr. Shelton (the surgeon) failed to fully remove bullet fragments from, or left surgical tools in Plaintiff's left axilla. *Id*. However, the new complaint alleges constitutional violations by the

---

[1] Though Gonzalez first named Dr. Tommy W. Shelton (identified as the surgeon who treated Gonzalez at the Lake Cumberland Regional Hospital) as the sole case Defendant, Plaintiff, at the Court's prompting, subsequently filed a notice confirming his intent to pursue an FTCA claim against the United States (rather than a medical negligence claim against Dr. Shelton). DE 18 (Notice).

1

United States, the BOP, and Dr. Shelton pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 91 S. Ct. 1999 (1971).

In light of the factual overlap, Judge Hood (assigned to Gonzalez's new case) directed Plaintiff to clarify whether his goal was to amend his pleading in this matter or to initiate a new and separate case. *Gonzalez II*, at ECF No. 4. In response, Gonzalez advised that he intended to amend his complaint in this matter. *Id*. at ECF No. 5. Accordingly, Judge Hood directed the Clerk to file Gonzalez's submission in this case and dismissed the separate matter. *Id*. at ECF No. 6. The Clerk has now (properly)[2] docketed Gonzalez's filing as an Amended Complaint. *See* DE 29.

Because Gonzalez is a prisoner seeking relief against a government entity, and given the entirely new claims and Defendants, his Amended Complaint is subject to screening pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A. In other words, Gonzalez's Rule 15(a)(1) amendment does not circumvent the screening process for his new claims.

## I. APPLICABLE STANDARDS

At this stage, the Court screens frivolous complaints. *See Neitzke v. Williams*, 109 S. Ct. 1827, 1831–32 (1989) (describing as "frivolous[,]" claims lacking "an arguable basis either in law or in fact"). The Court dismisses any claims that seek monetary relief from an immune defendant. *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010). When testing *pro se* pleading sufficiency, the Court applies a tolerant construction, accepting as true all non-conclusory factual allegations and liberally construing legal claims toward encompassing a valid claim for relief. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437–38 (6th Cir. 2012). The Court's liberal construction obligation

---

[2] The Federal Rules authorize a plaintiff to amend his pleading once as a matter of right within twenty-one days after service of a responsive pleading or Rule 12 motion. Fed. R. Civ. P. 15(a)(1)(B); *Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417, 421 (6th Cir. 2000). The Government filed a dispositive motion on October 11, 2019. DE 26. Thus, Gonzalez's timely amendment is properly filed without a prior leave request.

2

has limits. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Wilson v. Lexington Fayette Urban County Government*, No. 07-cv-95-KSF, 2007 WL 1136743 (E.D. Ky. April 16, 2007). The Court will not "conjure allegations on a litigant's behalf." *Erwin v. Edwards*, 22 F. App'x. 579, 580 (6th Cir. 2001); *see also Coleman v. Shoney's, Inc.*, 79 F. App'x 155, 157 (6th Cir. 2003) ("Pro se parties must still brief the issues advanced with some effort at developed argumentation."). A *pro se* complaint, too, must forth claims in a clear and concise manner, and must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007)); *Hill*, 630 F.3d at 470; *see also* Fed. R. Civ. P. 8. Additionally, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 127 S. Ct. at 1965.

## II.   ANALYSIS

Gonzalez alleges that, on May 20, 2016, Gonzalez was taken to "contract physician" Dr. Tommy Shelton for a scheduled surgery to remove bullet fragments in his left arm. DE 29 at 3. However, when Plaintiff's pain persisted, prison medical staff took an x-ray that, per Gonzalez, revealed that Dr. Shelton had either not fully removed the fragments or had left surgical tools in Gonzalez's left axilla. *Id*. Based on these allegations, Gonzalez claims Dr. Shelton, the United States, and the BOP violated his Fifth Amendment[3] and Eighth Amendment rights. *Id*. The Court,

---

[3] Specifically, Gonzalez alleges a violation of his right to "due process of law Fifth Amendment requirement attached to the First Amendment, Thirteenth Amendment Section 1 and Section 12." *See* DE 29 at 3. Despite the fleeting references to the First and Thirteenth Amendments, Plaintiff entirely fails to allege facts suggesting a violation of either provision. Thus, to the extent Gonzalez intended to claim separate violations of these amendments, the Court dismisses the claims. Vague allegations that one or more of the defendants acted wrongfully or violated a plaintiff's constitutional rights are insufficient to state a plausible claim for relief. *Laster v. Pramstaller*, No. 08-CV-10898, 2008 WL 1901250, at *2 (E.D. Mich. April 25, 2008).

on full review and under the applicable standards, finds Gonzalez's Amended Complaint, for several reasons, deficient and thus dismisses it on screening.

*Fifth Amendment*

Gonzalez's due process claim is fatally flawed. Per the Supreme Court, "[w]here a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." *See Albright v. Oliver*, 114 S. Ct. 807, 813 (1994) (quotation marks omitted) (quoting *Graham v. Connor*, 109 S. Ct. 1865, 1871 (1989)). Thus, "[s]ubstantive due process analysis" is "inappropriate" if Plaintiff's claim is "covered by" a more specific constitutional provision. *County of Sacramento v. Lewis*, 118 S. Ct. 1708, 1715 (1998). "[T]he Fourth Amendment's prohibition against unreasonable seizures of the person, [and] the Eighth Amendment's ban on cruel and unusual punishments . . . are the two primary sources of constitutional protection against physically abusive governmental conduct." *Graham*, 109 S. Ct. 1865, 1871. More specifically, the Eighth Amendment bars prison officials from acting with "deliberate indifference" to a prisoner's "serious medical needs." *Alexander v. Fed. Bureau of Prisons*, 227 F. Supp. 2d 657, 664 (E.D. Ky. 2002) (quoting *Estelle v. Gamble*, 97 S. Ct. 285, 292 (1976)).

Plaintiff, here, claims constitutionally inadequate medical care. Courts routinely address such claims under the Eighth Amendment rubric. *See, e.g.*, *Estelle*, 97 S. Ct. at 292 (back injury, high blood pressure, and heart problems); *Alexander*, 227 F. Supp. 2d at 664 (knee surgery). As Plaintiff, himself, recognized, Gonzalez's claim falls squarely within the Eighth Amendment's coverage. Thus, due process analysis is inappropriate, and the Court screens out the Fifth Amendment claim. *See Cooleen v. Lamanna*, 248 F. App'x 357, 362 (3rd Cir. 2007) (viability of

claim under Eighth Amendment to challenge medical care of prisoner forecloses availability of substantive due process claim); *cf. Bell v. Johnson*, 308 F.3d 594, 609-10 (6th Cir. 2002) (prisoner's claim that officials retaliated against him for filing grievances was squarely covered by First Amendment, precluding due process claim under Fourteenth Amendment).

*Eighth Amendment*

As to the Eighth Amendment claim, *Bivens*[4] authorized a "damages remedy to compensate persons injured by federal officers who violated" certain constitutional prohibitions. *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854 (2017). However, *Bivens* claims are available only against federal officials in their individual capacities. *F.D.I.C. v. Meyer*, 114 S. Ct. 996, 1005 (1994) ("It must be remembered that the purpose of *Bivens* is to deter *the officer*. . . . If we were to imply a damages action directly against federal agencies . . . there would be no reason for aggrieved parties to bring damages actions against individual officers." (emphasis in original)). Put differently, "[i]f a federal prisoner in a BOP facility alleges a constitutional deprivation, he may bring a *Bivens* claim against the offending individual officer, subject to the defense of qualified immunity. The prisoner may not bring a *Bivens* claim against the officer's employer, the United States, or the BOP." *Correctional Services Corp. v. Malesko*, 122 S. Ct. 515, 522. Accordingly, Gonzalez's allegations against the United States and the BOP fail to state a plausible claim.

---

[4] Plaintiff, with his amended complaint, checked a box claiming that the Court's jurisdiction was, perhaps, premised on 42 U.S.C. § 1983. *See* DE 29 at 1. The record is not entirely clear as to whether Gonzalez actually intended to assert a § 1983 claim. In any event, "[t]o establish a claim under § 1983, a plaintiff must show that he was deprived of rights guaranteed under the United States Constitution or federal law by a person acting '**under color of state law**.'" *Haines v. Fed. Motor Carrier Safety Admin.*, No. 15-1624, 2016 WL 659180 (6th Cir. Feb. 18, 2016) (citation omitted) (emphasis added). Plaintiff has sued a private hospital employee, a federal agency, and the federal government. Yet, "as a general matter, the federal government and its officials are not subject to suit under § 1983." *Id.* (citation and quotation marks omitted). Further, Plaintiff alleges no state-authorized acts by any Defendant. Accordingly, to the extent Gonzalez intended to assert any § 1983 claims, the Court dismisses such theories.

Nor are Gonzalez's constitutional claims cognizable against Dr. Shelton, the last-named Defendant. Per Plaintiff, Dr. Shelton is a Lake Cumberland Regional Hospital "Attending Physician[,]" not a federal employee. *See* DE 29 at 2. Further, as the Supreme Court clearly held in *Malesko*, *Bivens* does not extend to claims against a private entity. *See Malesko*, 122 S. Ct. at 519 (declining to extend the "limited [*Bivens*] holding to confer a right of action for damages against private entities acting under color of federal law"). This remains true even if a private entity specifically contracts with the federal government. *See Minneci v. Pollard*, 132 S. Ct. 617, 623–626 (2012) (declining to extend *Bivens* to inadequate medical care allegations against private federal prison operator, in part, because, as here, "in the case of a privately employed defendant, state tort law provides an 'alternative, existing process' capable of protecting the constitutional interests at stake.").

Finally, Gonzalez's allegations of Dr. Shelton's "medical negligence" do not state a plausible Eighth Amendment claim. DE 29 at 4. "In order to state a cognizable claim [under the Eighth Amendment] a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to the plaintiff's serious medical needs." *Estelle*, 97 S. Ct. at 292. The analysis implicates a two-part inquiry—including objective and subjective components. A plaintiff must allege facts that, if true, would show: (1) a sufficiently serious medical need, and (2) "that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir. 2005) (quoting *Comstock v. McCrary*, 273 F.3d 693, 607 (6th Cir. 2001)).

Assuming, for argument's sake, that Gonzalez adequately pleaded a sufficiently serious medical need (the objective component), Plaintiff needed to plausibly allege Dr. Shelton acted (or,

6

in context, failed to act) with "deliberate indifference to" Gonzalez's "health or safety[.]" *Farmer v. Brennan*, 114 S. Ct. 1970, 1977 (1994). "[T]he deliberate indifference standard 'describes a state of mind more blameworthy than negligence[.]" *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). Thus, Gonzalez needed to allege facts that, assumed true, would show that Shelton knew of and disregarded conditions posing an objectively excessive risk and did so with a sufficiently culpable state of mind. *Id.* Thus, allegations of "negligent diagnosis," or "mere failure to provide adequate medical care" do not state a viable Eighth Amendment claim. *Rhinehart v. Scutt*, 894 F. 3d 721, 736 (6th Cir. 2018). Further, "the subjective intentions of prison authorities must be demonstrated by objective manifestations of such intent, and cannot be proved by factually unsupported, conclusory opinions of the court or of the prisoners or their representatives." *United States v. Michigan*, 940 F.2d 143, 154 n.7 (6th Cir. 1991).

Here, Gonzalez alleges that Dr. Shelton negligently treated him. *See* DE 29 at 3, ¶¶ 3-4. Indeed, Gonzalez specifically taps his claimed injury as deriving from "Shelton's medical negligence[.]" *Id.* at 4, ¶ 4. Yet, "the requirement that the official have subjectively perceived a risk of harm and then disregarded it is meant to prevent the constitutionalization of medical malpractice claims; thus, a plaintiff alleging deliberate indifference must show more than negligence or the misdiagnosis of an ailment." *Johnson,* 398 F.3d at 875 (quoting *Comstock*, 273 F.3d at 703). Stated otherwise, a doctor exhibits deliberate indifference to "a prisoner's serious medical need" only when the alleged conduct involves "obduracy and wantonness" rather than "inadvertence or error in good faith." *Rhinehart*, 894 F. 3d at 736. Nothing in Plaintiff's allegations

7

suggests that Dr. Shelton acted (or failed to act) with a sufficiently culpable mental state.[5] In short, Gonzalez alleges medical negligence, a state-law tort, not an Eighth Amendment claim.[6]

For these reasons, Gonzalez fails to state a viable Eighth Amendment claim.[7]

## III. CONCLUSION

In sum, the Court fully screens and dismisses Gonzalez's amended complaint. Typically, "[a]n amended complaint supersedes an earlier complaint for all purposes." *In re Refrigerant Compressors Antitrust Litigation*, 731 F.3d 586, 589 (6th Cir. 2013). Because the Court dismisses

---

[5] Despite the negligence claim, Gonzalez concedes that Dr. Shelton treated his bullet wound. "[W]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in state tort law." *Baker v. Stevenson*, 605 F. App'x 514, 517 (6th Cir. 2015) (citation omitted). Gonzalez alleges that Dr. Shelton's medical treatment fell below the applicable standard of care, but not that Shelton acted with the sort of intentional indifference that is the touchstone of an Eighth Amendment claim. *See Comstock*, 273 F.3d at 703 ("When a prison doctor provides treatment, albeit carelessly or inefficaciously, to a prisoner, he has not displayed a deliberate indifference to the prisoner's needs, but merely a degree of incompetence which does not rise to the level of a constitutional violation.").

[6] Gonzalez's renewed medical negligence claims against Dr. Shelton are, on this record, somewhat befuddling. Plaintiff previously indicated that he was *not* pursuing a negligence claim against Dr. Shelton, but rather an FTCA claim against the United States. *See* DE 18.

[7] Aside from the substantive deficiencies, the face of Gonzalez's amended complaint shows that Plaintiff failed to exhaust his administrative remedies. Under the PLRA, a prisoner wishing to challenge the circumstances or conditions of his confinement must first exhaust all available administrative remedies. 42 U.S.C. § 1997e(a); *Jones v. Bock*, 127 S. Ct. 910, 918–19 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."); *Fazzini v. Northeast Ohio Correctional Center*, 473 F.3d 229, 231 (6th Cir. 2006); *Campbell v. Barron*, 87 F. App'x 577, 577 (6th Cir. 2004). The exhaustion requirement is a strong one, *Napier v. Laurel County*, 636 F.3d 218, 222 (6th Cir. 2011), and if a failure to exhaust is apparent from the face of the complaint, screening is proper. *Shah v. Quintana*, No. 17-5053, 2017 WL 7000265, at *1 (6th Cir. July 17, 2017); *Barnett v. Laurel Co., Ky.*, No. 16-5658, 2017 WL 3402075, at *1 (6th Cir. Jan. 30, 2017).

Here, Gonzalez admits non-exhaustion but claims that "the United States Supreme Court held that exhaustion of the Bureau of Prisons administrative remedies is not required before a federal prisoner can initiate a *Bivens* action solely for money damages." *See* DE 29 at 4, ¶ 5. Unsurprisingly, Gonzalez cites no supportive authority for this proposition. In reality, the Supreme Court rejected Gonzalez's contention in *Booth v. Churner*, 121 S. Ct. 1819 (2001). "[A]n inmate seeking only money damages must complete a prison administrative process" even if that process "could provide . . . no money damages." *Id.* at 1821.

Gonzalez's operative pleading, the Court would be justified in dismissing this action altogether. However, in light of Gonzalez's *pro se* status and in the interests of efficiency (as well as recognizing the resources already expended by the United States in filing the pending dispositive motion, *see* DE 26), the Court finds that the more appropriate course is to allow Gonzalez to proceed (for now) with his original complaint.

Plaintiff has requested an extension of time to address the Government's motion for dispositive relief regarding the original allegations. *See* DE 30. Thus, Gonzalez evidently still intends to pursue his initial claims. The Court, given case posture, (generously) construes Plaintiff's motion as also requesting leave to reassert the DE 1 allegations. The Court grants both the extension and construed amendment requests. *See* Fed. R. Civ. P. 15(a) ("The Court should freely give leave" to amend "when justice so requires.").

Accordingly, the Court **ORDERS** as follows:

1. The Court, pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A, **DISMISSES** Gonzalez's Amended Complaint (DE 29);

2. The Court, finding that the motion-stated grounds justify the relief sought, **GRANTS** DE 30. Having construed DE 30 as including an embedded request to amend and revert to Gonzalez's original allegations, the Court will treat DE 1 as the operative pleading going forward; and

3. Gonzalez **SHALL** respond to Defendant's dispositive motion (DE 26) within **35 days**.

The Court, again, advises Gonzalez that if he fails to timely respond to Defendant's motion, the Court will likely dismiss his case for failure to prosecute, *see* Fed. R. Civ. P. 41(b), or grant the motion for any record-supported reason. *See Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir.

1991); *see also Humphrey v. U.S. Attorney Gen.'s Office*, 279 F. App'x 328, 331 (6th Cir. 2008) ("[W]here [a] plaintiff has not raised arguments in the district court by virtue of his failure to oppose defendants' motions to dismiss, the arguments have been waived."). Plaintiff should not again try to import this case into a new complaint. Rather, Gonzalez must address the merits now before the Court.

This 6th day of November, 2019.

Signed By:
*Robert E. Wier* REW
United States District Judge